**LAW OFFICES OF NOLAN KLEIN, P.A.**                    ATTORNEYS & COUNSELORS

**112 W. 34TH STREET, SUITE 1800**
**NEW YORK, NY 10120**
**PH: (646) 560-3230**

**5550 GLADES ROAD, SUITE 500**
**BOCA RATON, FL 33431**
**PH: (954) 745-0588**

www.nklegal.com                                        Nolan Klein, Esq.
                                                       klein@nklegal.com

April 17, 2023

**VIA ECF**

Honorable Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    *Garcia v. Jack's Eggs and Other Ingredients, LLC, et al.*
               EDNY Case No.: 1:22-cv-04337

Dear Judge Bulsara:

    Plaintiff, Alfonso Garcia ("Plaintiff") and Defendants, Jack's Eggs and Other Ingredients, LLC ("Jack's Eggs"), and Mordechai Neustadt ("Defendants"), respectfully request that Your Honor approve the settlement reached at the settlement conference conducted by Your Honor on March 20, 2023, pursuant to *Cheeks v. Freeport Pancake House*, 796 F. 3d 199 (2d Cir. 2015). A copy of the fully executed Settlement and Release Agreement (the "Agreement") is annexed herein as **Exhibit A**.

    This Agreement represents a good faith effort between experienced labor and employment counsel to negotiate the resolution of an action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), resulting in a settlement which provides Plaintiff with a satisfactory recovery of his damages under applicable law.

### Settlement Amount

    The Agreement resolves all claims brought under the FLSA and NYLL, by payment to Plaintiff in the amount of $87,500.00. This settlement was reached during a settlement conference with Your Honor, was brokered by the Court, and was therefore the result of arm's length negotiation. For the reasons outlined below, the Court should approve this settlement as a fair and reasonable compromise of the claims against Defendants in this case.

### Factual Background

    On July 22, 2022, Plaintiff, Alfonso Garcia, commenced this action, alleging that Defendants failed to pay overtime wages in violation of the FLSA, overtime, spread of hours, and

minimum wages in violation of the NYLL, as well as failure to provide a wage notice and wage statements required by the Wage Theft Prevention Act ("WTPA"). *D.E. 1*.

Plaintiff alleged that he was employed as a manual laborer at Defendants' food distribution company from 2015 through February 2022. Defendants disputed that Plaintiff worked for them since 2015 and asserted that he became an employee of Jack's Eggs in March 2019. Defendants further contend that Plaintiff's alleged hours worked are greatly exaggerated, as he never worked in excess of forty (40) hours in a week. Plaintiff alleges that he worked "57 to 67 hours per week or more, depending on the week." *See* Amended Class Action Complaint, ¶ 19. Defendants contend that, at the start of Plaintiff's employment with Jack's Eggs, he worked Monday through Friday from 7:00 a.m. to 3:00 p.m. However, at Plaintiff's request, his shift was changed to Monday through Friday from 5:00 p.m. to 1:00 a.m. Additionally, Defendants contend that Plaintiff never worked a Saturday or Sunday shift, he took a meal break (typically 1 hour in length), during every shift, and he took a substantial amount of time off per year.

Defendants further contend that Plaintiff was not paid a weekly rate of "$400 and $600 per week." *See* Amended Class Action Complaint, ¶ 22. Defendants claim that Plaintiff received additional cash payments whenever he received a check in the amount of $400. Accordingly, it is Defendants' contention that Plaintiff was at all times paid in accordance with the NYLL's minimum wage requirements. Moreover, given the above-mentioned schedule, Defendants claim that Plaintiff never worked a shift in excess of 10 hours, and therefore, is not entitled to spread of hours pay. Lastly, Defendants assert that Plaintiff lacks the requisite Article III standing to succeed in his wage notice and wage statement claims.

But in any event, the FLSA statute of limitations period runs for three years prior to the date of filing, which was July 2019. As such, the period at issue for the FLSA claims was July 2019 through the end of Plaintiff's employment, in February 2022. For this time period, assuming that all of the facts alleged by Plaintiff are entirely correct, which Defendants contest, Plaintiff claims that he would be entitled to $20,400.00 in unpaid overtime, and $49,718.40 in unpaid minimum wage (at the New York minimum wage rate – nothing is owed at the federal rate alone). This is a total of $70,118.40 allegedly owed during the covered period (including calculations at the New York required rate of pay).

The Parties engaged in significant litigation prior to the settlement conference, beginning with Defendants' prior counsel, including a prior mediation, written discovery, which included a document production and interrogatory responses, and the filing of a motion by plaintiff to preliminarily certify a collective action. After the deduction of legal fees payable to Plaintiff's counsel (Plaintiff's counsel has agreed to waive costs) totaling one third (or $29,166.66) this results in a settlement payment to Plaintiff of $58,333.33 which is more than 83% of his wage and hour claims (even calculated using New York minimum wage), and more than 100% of his FLSA claims calculated using federal minimum wage as the basis. This clearly reflects a reasonable compromise between the Parties' disputed positions in this matter. This settlement considers the costs and the uncertainty of protracted litigation.

### **Fairness of the Settlement Agreement**

Pursuant to *Cheeks*, "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court." *Cheeks*, 796 F.3d at 206; *see also Wolinsky v. Scholastic Inc.,* 900

F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In evaluating the fairness of the agreement, the District Court may utilize the factors set forth by *Wolinsky,* 900 F. Supp. 2d 332, 335. Those factors are:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quotations omitted).

It is respectfully submitted that all *Wolinsky* factors have been satisfied, thereby requiring approval of the settlement agreement. As to the first factor, Plaintiff proposed ultimate recovery (*after* deduction of legal fees) represents a large majority of his alleged FLSA damages. *See Chowdhury v. Brioni America, Inc.*, 2017 WL 5953171 at *2 (S.D.N.Y. 2017)(net settlement of 40% of FLSA plaintiffs' maximum recovery is reasonable); *Redwood v. Cassway Contracting Corp.*, 2017 WL 4764486 at *2 (S.D.N.Y. 2017) (net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable); *Beckert v. Ronirubinov*, 2015 WL 8773460, at *2 (S.D.N.Y. 2015) (approving a settlement constituting 25% of the maximum possible recovery). Even absent the significant litigation risks in this case (discussed at length herein), this clearly represents a fair and reasonable settlement. As to the second factor, this agreement resolves a *bona fide* dispute over genuinely contested issues, namely the lawsuit that Plaintiff brought to recover his unpaid wages. Plaintiff and Defendants believe that is in their best interests to resolve on the current terms rather than to be subject to protracted additional litigation, including the burdens and risks thereof.

Next, as to the third factor, the Parties face serious litigation risks as to both liability and damages. Having conferred with Defendants, it became clear that there were significant contested factual and legal disputes amongst the Parties. To that end, Defendants alleged that Plaintiff did not work the dates of employment and hours that he claimed to have worked and Defendants have asserted an additional defense against the wage notice and wage statement claims. Accordingly, Defendants alleged that, even if assuming *arguendo*, that Plaintiff succeeded on liability, his damages would not be near what Plaintiff claimed them to be. On the other hand, Defendants risk paying more than the settlement amount in the form of untold, additional legal fees to their own counsel, and if Plaintiff prevails, additional fees to Plaintiff's counsel as well. As to the fourth factor and fifth factor, the arm's length nature of the negotiations, this negotiation was conducted at a settlement conference before the Court itself. All factors thus weigh heavily in favor of *Cheeks* approval. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012) ("[T]ypically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement"); *Hernandez v. C-Penn Foods Inc.*, 2011 U.S. Dist. LEXIS 144798, at *2 (S.D.N.Y. Dec. 13, 2011) ("[G]iven the disputed issues of fact relating to Plaintiff's wage claims and the fact that the settlement was reached pursuant to arm's length negotiations, the Court finds that the settlement agreed to in this action is fair and reasonable.").

**Attorney's Fees and Costs**

As to amount, Plaintiff's attorney's fees in FLSA matters may be calculated as either (a) a percentage of recovery or (b) as the product of a reasonable hourly rate and the reasonable number of hours expended (the loadstar method). *Flores v. Food Express Rego Park, Inc.*, 2016 U.S. Dist. LEXIS 11351 at *6-7 (E.D.N.Y. 2016) *citing McDaniel v. City of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010)). As to the percentage of recovery method, "[i]n this Circuit, courts typically approve attorney's fees that range between 30 and 33[percent]." *Thornhill v. CVS Pharm., Inc.*, 2014 U.S. Dist. LEXIS 37007, *3 (S.D.N.Y. 2014); *Briggs v. DPV Transp., Inc.*, 2021 U.S. Dist. LEXIS 245830, *5 (S.D.N.Y. 2021)("Courts in the Second Circuit routinely award attorneys' fees in FLSA settlements of one-third of the total recovery"); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. 2013)(same).

Here, Plaintiff's counsel seeks 1/3 of the total recovered as contingency legal fees in this case, or $29,166.66. Plaintiff's counsel waives the right to recover anything additional as costs. Because a 1/3 contingency fee is "commonly approved" in this Circuit, Plaintiff respectfully requests that the contingency fee in this case also be approved as fair and reasonable in this case.

**Conclusion**

For the foregoing reasons, counsel for all Parties jointly and respectfully request that the Court approve the parties' settlement agreement as fair and reasonable and dismiss this action with prejudice. *See Reyes v. Altamarea Group, LLC*, 2011 U.S. Dist. LEXIS 115984, at *14-*17 (S.D.N.Y. 2011).

Respectfully submitted,

*/s/ Nolan K. Klein*
Nolan K. Klein, Esq.

cc:   Matthew Cohen, Esq. (via ECF)